**KAMBERLAW, LLP**
Michael Aschenbrener (SBN 277114)
masch@kamberlaw.com
9404 Genesee Ave, Suite 340
La Jolla, CA 92037
Telephone: (303) 222-0281
Facsimile: (858) 800-4277

**WOODROW & PELUSO, LLC**
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be filed

Attorneys for Plaintiff M. Papadopoulos
Dental Corporation and the Classes

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **M. Papadopoulos Dental Corporation**, a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ICP, Inc. d/b/a Dental City**, a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-1133<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff M. Papadopoulos Dental Corporation ("Papadopoulos" or "Plaintiff") brings this Class Action Complaint against Defendant ICP, Inc. d/b/a Dental City ("Dental City" or "Defendant") to stop Defendant's practice of sending unsolicited fax advertisements and to obtain redress for all persons injured by its conduct. Plaintiff, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including an investigation conducted by its attorneys.

## PARTIES

2. Plaintiff M. Papadopoulos Dental Corporation is a corporation incorporated and existing under the laws of the State of California with its principal place of business located at 1235 W. Sepulveda Blvd., Torrance, California 90502.

3. Defendant Dental City is a corporation incorporated and existing under the laws of the State of Wisconsin. Its principal office address is 3205 Yeager Drive, Green Bay, Wisconsin 54311. Its registered agent is John L. Mathys. Dental City does business throughout the United States, including in this District.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute. On information and belief, the Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Classes consist of over 100 persons each, there is minimal diversity, and the claims of the class members when aggregated together exceed $5 million. Further, none of the exceptions to CAFA applies.

5. The Court has personal jurisdiction over Defendant and venue is proper because Defendant regularly conducts business in this District, and a substantial part of the acts giving rise to the claim occurred in or were directed to individuals within this District. The faxes at issue in this case were sent nationwide, including to fax machines located within this District.

## COMMON ALLEGATIONS OF FACT

6. This case challenges Defendant's practice of sending unsolicited fax advertisements.

7. The Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 ("JFPA" or the "Act"), 47 U.S.C. § 227, *et seq.*, together with the regulations promulgated under the Act, prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior

express consent, invitation, and permission. The JFPA provides a private right of action that includes statutory damages of $500 per violation and appropriate injunctive relief. Upon information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Classes in violation of the JFPA. (*See* "Dental City Faxes," a true and correct copy of which is attached hereto as Exhibit A.)

8. The Dental City Faxes promote the services and goods of Defendant, namely dental equipment and products. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

9. Unsolicited faxes cause concrete and particularized legal harm and damages to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

10. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

11. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being sent in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in

the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

### FACTS SPECIFIC TO PLAINTIFF PAPADOPOULOS

12. In January of 2018, Defendant transmitted by telephone facsimile machine two unsolicited faxes to Plaintiff. (*See* Ex. A.)

13. On January 15, 2018 at 3:00 PM, Plaintiff received an unsolicited fax from Defendant.

14. On January 30, 2018 at 2:51 PM, Plaintiff received another unsolicited fax from Defendant.

15. True and accurate copies of the January 15, 2018 facsimile and the January 30, 2018 facsimile are attached hereto as Exhibit A.

16. Dental City profited from and received the benefits of marketing of its products and is a responsible party under the JFPA.

17. Defendant created or made Exhibit A, which Defendant knew or should have known advertises Defendant's goods or products (namely, its dental equipment and products) that Defendant intended to and did in fact distribute to Plaintiff and the other members of the Classes.

18. Exhibit A is part of Defendant's work or operations to market Defendant's goods or services, which are performed by Defendant and/or on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

19. Plaintiff has never invited or given permission to Defendant to send the faxes, nor did Plaintiff have any prior relationship with Defendant at the time the faxes were sent (or at any other time).

20. On information and belief, Defendant faxed the same, or substantially similar, unsolicited facsimiles to Plaintiff and numerous other recipients without first receiving the express permission or invitation to send the faxes.

21. As a result of Defendant's conduct, Plaintiff suffered concrete particularized legal harm and damages. That is, Plaintiff lost the use of its fax machine, paper, and ink toner. Further, Defendant's junk faxes invaded the Plaintiff's privacy.

22. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines, such as the machine utilized by Plaintiff, are left on and ready to receive the urgent communications their owners desire to receive.

23. Further, Defendant's facsimile did not display any opt-out notice as required by 47 C.F.R. § 64.1200. Accordingly, neither Plaintiff nor the class members had any means to put an end to the transmission or receipt of future faxes.

## CLASS ACTION ALLEGATIONS

24. In accordance with Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this class action for claims under the JFPA, on behalf of the following two classes:

**Junk Fax Class:** All persons who (1) on or after four years prior to the filing of this action through the date on which notice is sent to the Class, (2) were sent, by Defendant or on Defendant's behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express permission to fax the Plaintiff.

**No Opt-Out Notice Class:** All persons who (1) on or after four years prior to the filing of this action through the date on which notice is sent to the Class, (2) were sent, by Defendant or on Defendant's behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) which did not display an opt-out notice.

25. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2)

CLASS ACTION COMPLAINT - 5 -

Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

26. **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant sent unsolicited fax advertisements to hundreds if not thousands of persons who fall into the defined Classes. The exact number of members of the Classes can be identified through Defendant's records and by reference to other objective criteria as necessary.

27. **Commonality:** Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

    a. Whether the Defendant sent unsolicited fax advertisements;

    b. Whether the Defendant's faxes advertised the commercial availability of property, goods, equipment, or services;

    c. Whether Defendant procured prior express invitation or permission from the recipients to send the faxes;

    d. Whether the Defendant sent the faxed advertisements knowingly or willfully such that treble damages are warranted; and

    e. Whether the faxes contained an "opt-out notice" that complies with the requirements of § 227(b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements.

28.     **Typicality:** The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the Dental City Faxes sent by or on behalf of the Defendant advertising goods, equipment, and services of the Defendant during the relevant time period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

29.     **Adequate Representation:** The Plaintiff and its counsel will fairly and adequately represent and protect the interests of the Classes. It is interested in this matter and has no actual conflicts with any of the other class members. Further, Plaintiff has retained experienced class counsel to represent the Classes.

30.     **Conduct Similar Towards All Class Members:** Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and corresponding declaratory relief appropriate. The Plaintiff requests such relief as authorized and appropriate by 47 U.S.C. § 227, *et seq.*

31.     **Predominance, Superiority, and Manageability:** Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy. Proof of the claims of the Plaintiff will also prove the claims of the Classes without the need for separate or individualized proceedings. And evidence regarding defenses or any exceptions to liability that the Defendant may assert will come from the Defendant's records and will not require individualized or separate inquiries or proceedings, the Defendant has acted and continues to act pursuant to common policies or practices in the same or similar manner with respect to all class members, the amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of

relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs.

32. Further, This case is manageable as a class action in that the Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages, liability and damages can be established for the Plaintiff and the Classes with the same common proofs, statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner, a class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense, a class action will contribute to uniformity of decisions concerning the Defendant's practices; and, as a practical matter, the claims of the Classes are likely to go unaddressed absent class certification.

## FIRST CAUSE OF ACTION

## Violation of 47 U.S.C. § 227, *et seq.*

### (On Behalf of Plaintiff and the Junk Fax Class)

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34. The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . ." 47 U.S.C. § 227(b)(1)(C).

35. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

36. The faxes sent by Defendant advertised dental equipment and products for sale by Defendant, were commercial in nature, and constitute advertisements under the JFPA.

37. Plaintiff and the other class members never gave prior express consent, invitation, or permission to receive the faxes.

38. **The Faxes.** Defendant sent the January 15, 2018 and January 30, 2018 faxes via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Junk Fax Class. The faxes constituted an advertisement under the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the Dental City Faxes. The faxes fail to contain any opt-out language at all. The faxes were transmitted to persons or entities without their prior express permission or invitation and/or Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. Defendant violated the JFPA and the regulations promulgated thereunder by sending the faxes via facsimile transmission to Plaintiff and members of the Dental City Junk Fax Class.

39. **Defendant's Other Violations of the Act.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Junk Fax Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant continues to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the

regulations promulgated thereunder, and absent intervention by this Court, Defendant will continue to do so now and in the future.

40. The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Junk Fax Class to redress Defendant's violations of the Act and provides for statutory damages. 47 U.S.C. § 227(b)(3), *et seq.* The Act also provides that injunctive relief is appropriate. Id.

41. Defendant is liable to the Plaintiff and the other members of the Dental City Junk Fax Class even if it did not intend to send the faxes or to send them without first obtaining prior express invitation or permission.

42. Defendant knew or should have known that: (a) the Plaintiff and the other members of the Junk Fax Class had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; (b) the faxes constituted an advertisement; and (c) the faxes did not apprise recipients of their legal right or ability to opt-out. Defendant acted in conscious disregard of such facts.

43. The Defendant's actions caused damage to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing, and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other Junk Fax Class Members' privacy interests. Finally, the injury and property damage sustained by Plaintiff and the other members of the Junk Fax Class from the sending of Defendant's advertisements occurred outside of Defendant's premises.

44. As a result of Defendant's conduct, Plaintiff and the other members of the Dental City Junk Fax Class are each entitled, under § 227(b)(3)(B) of the Act, to $500.00 in damages for each violation of such Act.

45. Furthermore, in the event the Court finds that Defendant's conduct was willful and knowing, the Court should, under § 227(b)(3)(C) of the Act, treble the amount of statutory damages recoverable by Plaintiff and the other members of the Junk Fax Class.

## SECOND CAUSE OF ACTION
## Violation of 47 U.S.C. § 227, *et seq.*
### (On Behalf of Plaintiff and the No Opt-Out Notice Class)

46. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

47. **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § 227(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

    a. a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements—knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

    b. a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful—thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth"; and

    c. a statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers, and not just with respect to the number or numbers at which fax advertisements have been

CLASS ACTION COMPLAINT - 11 -

|   |   |
|---|---|
| 1 | received from the sender—thereby instructing a recipient on how to make a |
| 2 | valid opt-out request for all of his or its fax machines. |
| 3 | 48. The requirement of (a) above is incorporated from § 227(b)(D)(ii) of the |
| 4 | Act. The requirement of (b) above is incorporated from § 227(b)(D)(ii) of the Act |
| 5 | and the rules and regulations of the Federal Communications Commission (the |
| 6 | "FCC") in ¶ 31 of its 2006 Report and Order (In the Matter of Rules and Regulations |
| 7 | Implementing the Telephone Consumer Protection Act, Junk Prevention Act of |
| 8 | 2005, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect |
| 9 | on August 1, 2006). The requirements of (c) above are contained in § 227(b)(2)(E) |
| 10 | of the Act and incorporated into the Opt-Out Notice Requirements via § |
| 11 | 227(b)(2)(D)(ii) of the Act. Compliance with the Opt-Out Notice Requirements is |
| 12 | neither difficult nor costly. The Opt-Out Notice Requirements are important |
| 13 | consumer protections bestowed by Congress upon the owners of fax machines giving |
| 14 | them the right, and means, to stop unwanted faxed advertisements. |
| 15 | 49. As a result of such requirements, a sender of a faxed advertisement who |
| 16 | fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted |
| 17 | an unsolicited advertisement under the JFPA. This is because such a sender can |
| 18 | neither claim that the recipients of the faxes advertisement gave "prior express |
| 19 | permission or invitation" to receive the faxes nor can the sender claim the exemption |
| 20 | from liability contained in § 227(b)(C)(1) of the Act. |
| 21 | 50. **The Faxes.** Defendant sent Exhibit A via facsimile transmission from |
| 22 | telephone facsimile machines, computers, or other devices to the telephone facsimile |
| 23 | machines of Plaintiff and members of the No Opt-Out Notice Class. The faxes |
| 24 | constituted an advertisement under the Act. Defendant failed to comply with the |
| 25 | Opt-Out Requirements in connection with the faxes. The faxes failed to apprise |
| 26 | recipients of their legal right to opt-out, or indeed provide any information regarding |
| 27 | opting out or a means to opt-out whatsoever. The faxes were transmitted to persons |
| 28 | or entities without their prior express permission or invitation and/or Defendant is |

CLASS ACTION COMPLAINT      - 12 -

precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. Defendant violated the JFPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the No Opt-Out Notice Class.

51. **Defendant's Other Violations of the Act.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the No Opt-Out Notice Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant continues to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

52. The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the No Opt-Out Notice Class to redress Defendant's violations of the Act and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id*.

53. The JFPA is a strict liability statute. The Defendant is liable to the Plaintiff and the other class members even if it did not intend to send the faxes or to send them without first obtaining prior express invitation or permission.

54. Neither Plaintiff nor the other members of the No Opt-Out Notice Class gave Defendant prior express permission or invitation to send them the faxes at issue in this case.

55. The Defendant knew or should have known that: (a) Plaintiff and the other members of the No Opt-Out Notice Class had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; (b) the faxes constituted an advertisement; and (c) the faxes did not provide a cost free means for recipients of to opt-out.

56. Defendant acted in conscious disregard of such facts.

57. The Defendant's actions caused damage to Plaintiff and the other members of the No Opt-Out Notice Class. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other Class Members' privacy interests. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

58. As a result of Defendant's conduct, Plaintiff and the other members of the No Opt-Out Notice Class are each entitled, under § 227(b)(3)(B) of the Act, to an award of $500.00 in damages for each violation of such Act.

59. Furthermore, in the event the Court finds that Defendant's conduct was willful and knowing, the Court should, pursuant to § 227(b)(3)(C) of the Act, treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Opt-Out Notice Class.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Classes, prays for the following relief:

    A.    An order certifying this case as a class action on behalf of the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing its attorneys as Class Counsel;

    B.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the class members;

    C.    An order declaring that Defendant's conduct was willful and knowing, and thus an award of actual monetary loss from Defendant's violations or the sum of one thousand five hundred dollars ($1,500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of Plaintiff and the class members;

    D.    An order declaring that Defendant's faxes constitute unsolicited advertisements, that Defendant sent the faxes without first obtaining prior express invitation, permission, or consent of the recipients, that the faxes lack the legally required opt-out language, and enjoining Defendant from further violations, and otherwise protecting the interests of the Classes;

    E.    An award of pre-judgment interest;

    F.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

    G.    Such further and other relief the Court deems reasonable and just.

# JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 14, 2019

**M. PAPADOPOULOS DENTAL CORPORATION**, individually and on behalf of all others similarly situated,

By: /s/ Michael Aschenbrener
One of Plaintiff's Attorneys

Michael Aschenbrener
masch@kamberlaw.com (SBN 277114)
KamberLaw, LLP
9404 Genesee Ave, Suite 340
La Jolla, CA 92037
Telephone: (303) 222-0281
Facsimile: (858) 800-4277

Steven L. Woodrow
swoodrow@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought

Counsel for Plaintiff and the Putative Classes